By the Court.—Truax, J.
One Therese Dosot (the plaintiff’s assignor) leased from the defendant certain premises and deposited with him the sum of $900 “in lieu of security.” The lease contained a provision that the defendant should pay interest on this sum and hold it as his security for the payment of rent according to the conditions and provisions of the lease, and that said security was to be paid back on the full compliance with the provisions of the lease on the part of said Dosot. Said Dosot was dispossessed for non-payment of rent. The plaintiff, as assignee of said Dosot, brings this action to recover said sum of $900. At the close of plaintiff’s case the court directed the jury to find a verdict for the defendant. To this ruling and to the denial of a motion for leave to go to the jury the plaintiff excepted, and the court ordered the exceptions to.be heard in the first instance at the general term.
The evidence shows that all the covenants of the lease, except the covenant to pay rent, were fully performed, that the covenant to pay rent was broken by the non-payment of the sum of $138.36.
The money was deposited for two purposes: 1st. It was deposited in the place of security for the payment of such *450 rent as should be due at the termination at the lease, which was in this case $138.36 ; and, 2nd. It was deposited as security for the performance of the other covenants on the part of plaintiff’s assignor, and, as none of these other covenants were broken, the deposit could only be held for the payment of the rent due.of the termination of the lease. On the evidence the plaintiff was entitled to recover from the defendant the difference between the amount of rent due ($138.36) and $900. It was error to direct a verdict for the defendant.
The exceptions are sustained and a new trial is ordered, with costs to abide the event.
Sedgwick, Ch. J., concurred.